IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30786
_____


NORTH AMERICAN CAPACITY INSURANCE COMPANY,

Plaintiff-Appellant,

v.

BRISTER'S THUNDER KARTS INC; ET AL,

Defendants,

BRISTER'S THUNDER KARTS, INC.; KARTS INTERNATIONAL, INC.; PALOMAR
INSURANCE CORPORATION; AMERICAN MARKETING CENTER S.E., INC.

Defendants-Appellees.

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**

**(97-CV-330)**
_____

**June 16, 1999**

Before DeMOSS and PARKER, Circuit Judges, and LAKE,* District
Judge.


PER CURIAM:*

        North American Insurance Company appeals the district

court's summary judgments granted in favor of the appellees,

Brister's Thunder Karts, Inc., and Karts International, Inc.

---

*District Judge of the Southern District of Texas, sitting by
designation.

*Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

(Brister); Palomar Insurance Corporation (Palomar); and American Marketing Center S.E., Inc. (AMC). At the crux of this appeal is North American's argument that appellees intentionally omitted information about Brister's claim history and that those alleged omissions were material.

North American premised its claim against Brister on an October 7, 1994, letter written by Charles Brister in response to a request from Palomar to describe Brister's claim history. Brister's letter mentioned two lawsuits and omitted two lawsuits. The district court concluded that Brister was entitled to summary judgment because Brister's letter was written a year before North American insured Brister, because the letter made no representations to North American, and because none of the summary judgment evidence suggested that the omissions were intentional.

North American alleged that Palomar breached a fiduciary duty created by its receipt of a commission from North American and that Palomar misrepresented Brister's claims history. The district court concluded that receipt of a commission alone did not create a fiduciary duty. The court analyzed the relationship between North American and Palomar according to a number of factors and found no fiduciary relationship between North American and Palomar.

North American's misrepresentation claim was premised on Palomar's failure to forward to North American Brister's loss runs for the preceding five years. The district court concluded that there was no intentional misrepresentation by Palomar and that

-2-

North American had waived the industry standard of requiring loss runs for the previous five years.

North American premised its claim against AMC on its omission of information about Brister's claims history. Finding that October 11, 1995, was the latest date on which any of the alleged omissions could have occurred, and that July 2, 1996, was the latest date on which North American could have discovered the alleged omissions, the district court concluded that North American's July 11, 1997, lawsuit against AMC was time-barred by the one-year Louisiana prescriptive period.

After carefully considering all of North American's arguments we are satisfied that the rulings and judgment appealed from are free of reversible error. They are therefore **AFFIRMED**.